ORAL ARGUMENT NOT SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, *et al.*,<br><br>    *Petitioners,*<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>    *Respondents*. | No. 25-1021 and consolidated cases |

**INDUSTRY PETITIONERS' JOINT MOTION TO DISMISS
PETITIONS FOR REVIEW AS MOOT**

Pursuant to Federal Rule of Appellate Procedure 42(b)(2) and D.C. Circuit

Rule 27(f)(1), Petitioners Independent Petroleum Association of America,

Arkansas Independent Producers and Royalty Owners, Domestic Energy Producers

Alliance, Eastern Kansas Oil & Gas Association, Gas and Oil Association of West

Virginia, Illinois Oil & Gas Association, Independent Petroleum Association of

New Mexico, Indiana Oil and Gas Association, International Association of

Drilling Contractors, Kansas Independent Oil and Gas Association, Kentucky Oil

and Gas Association, National Stripper Well Association, North Dakota Petroleum

Council, Ohio Oil and Gas Association, Petroleum Alliance of Oklahoma,

Panhandle Producers and Royalty Owners Association, Pennsylvania Independent

1

Oil & Gas Association, Permian Basin Petroleum Association, Texas Alliance of Energy Producers, Texas Independent Producers and Royalty Owners Association, Western Energy Alliance, American Free Enterprise Chamber of Commerce, Michigan Oil and Gas Association, American Exploration & Production Council, American Petroleum Institute, and GPA Midstream Association (collectively, "Industry Petitioners") move to dismiss the petitions for review in Case Nos. 25-1021, 25-1025, 25-1029, 25-1031, and 25-1033, with each party to bear its own costs.[1]

Industry Petitioners sought judicial review of Respondent U.S. Environmental Protection Agency's final rule titled "Waste Emissions Charge for Petroleum and Natural Gas Systems: Procedures for Facilitating Compliance, Including Netting and Exemptions," 89 Fed. Reg. 91,094 (Nov. 18, 2024) ("Rule").

After the Rule was published, Congress passed and President Trump signed a joint resolution under the Congressional Review Act, 5 U.S.C. §§ 801-808, disapproving the Rule. Joint Resolution of Mar. 14, 2025, Pub. L. No. 119-2, 139 Stat. 7. Pursuant to the Joint Resolution and 5 U.S.C. § 802, the Rule has "no force or effect." *Id.*

---

[1] On May 8, 2025, Petitioners in the sole remaining petition consolidated with these petitions (Case No. 25-1022) moved to dismiss that petition.  Doc. #2114928.

The Joint Resolution renders these petitions moot. "[A] case is moot when the issues presented are no longer live[.]" *Larsen v. U.S. Navy*, 525 F.3d 1, 3 (D.C. Cir. 2008). Because the Rule has "no force or effect," the Court cannot award any effectual relief to the prevailing party and, consequently, the case is moot. *Id.* at 4 (case is moot because the Navy had "already eliminated" the challenged policy and "any injunction or order declaring it illegal would accomplish nothing"); *see also Givens v. Bowser,* 111 F.4th 117, 121 (D.C. Cir. 2024).

For the above reasons, the Court should grant this Motion and dismiss the petitions for review in Case Nos. 25-1021, 25-1025, 25-1029, 25-1031, and 25-1033 as moot.

Dated: May 12, 2025                        Respectfully submitted,

s/ *James D. Elliott*
James D. Elliott
SPILMAN THOMAS & BATTLE, PLLC
1100 Bent Creek Boulevard, Suite 101
Mechanicsburg, PA 17050
jelliott@spilmanlaw.com

*Attorneys for Petitioner Independent Petroleum Association of America, Arkansas Independent Producers and Royalty Owners, Domestic Energy Producers Alliance, Eastern Kansas Oil & Gas Association, Gas and Oil Association of West Virginia, Illinois Oil & Gas Association, Independent Petroleum Association of New Mexico, Indiana Oil and Gas Association,*

s/ *John H. Bernetich*
R. Clay Taylor
John H. Bernetich
Jennifer L. Biever
Corey Y. Lim
WILLIAMS WEESE PEPPLE & FERGUSON PC
1801 California Street, Suite 3400
Denver, CO 80202
Phone: 303-861-2828
Fax: 303-861-4017
ctaylor@williamsweese.com
jbernetich@williamsweese.com
jbiever@williamsweese.com
clim@williamsweese.com

*Attorneys for Petitioner American Exploration & Production Council*

3

*International Association of Drilling Contractors, Kansas Independent Oil and Gas Association, Kentucky Oil and Gas Association, National Stripper Well Association, North Dakota Petroleum Council, Ohio Oil and Gas Association, Petroleum Alliance of Oklahoma, Panhandle Producers and Royalty Owners Association, Pennsylvania Independent Oil & Gas Association, Permian Basin Petroleum Association, Texas Alliance of Energy Producers, Texas Independent Producers and Royalty Owners Association, Western Energy Alliance*

*s/ William L. Wehrum, Jr.*
William L. Wehrum, Jr.
WEHRUM ENVIRONMENTAL LAW LLC
1629 K Street, NW, Suite 300
Washington, DC 20006
William_wehrum@comcast.net

*Attorneys for Petitioner American Petroleum Institute*

*s/ James R. Conde*
Michael B. Buschbacher
James R. Conde
BOYDEN GRAY PLLC
800 Connecticut Avenue, NW
Suite 900
Washington, DC 20006
mbuschbacher@boydengray.com
jconde@boydengray.com

William P. Barr
TORRIDON LAW PLLC
801 17th Street, NW, Suite 1100
Washington, DC 20006
ecf@torridonlaw.com

*Attorneys for Petitioners American Free Enterprise Chamber of Commerce and Michigan Oil and Gas Association*

*s/ Samuel B. Boxerman*
Samuel B. Boxerman
James R. Wedeking
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
sboxerman@sidley.com
jwedeking@sidley.com

*Attorneys for Petitioner GPA Midstream Association*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was electronically filed on May 12, 2025, with the Clerk of Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the CM/ECF system.

*s/ Ingrid List*